# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2359

_____

Albert Allen Trammell, Sr.,       *
                                  *
              Appellant,          *
                                  *
                                  *  Appeal from the United States
       v.                         *  District Court for the
                                  *  Western District of Missouri.
New Prime, Inc.; Robert Lowe;     *
Lawanda Lowe; Vera Lowe,          *  [UNPUBLISHED]
                                  *
              Appellees.          *

_____

Submitted: March 2, 2010
Filed: March 16, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Albert Trammell appeals the district court's[1] dismissal of his complaint, which was liberally construed as asserting fraud and wrongful termination under Missouri law, and wrongful termination under 49 U.S.C. § 31105(a). After careful de novo review, see Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008), we agree with the district court's dismissal order, see 49 U.S.C. § 31105(b)(1) ("employee alleging discharge . . . in violation of subsection (a) of this section . . .

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

may file a complaint with the Secretary of Labor not later than 180 days after alleged violation occurred"), (d) (person adversely affected by order issued after hearing under subsection (b) of this section may file petition for review in court of appeals of United States for circuit in which violation occurred or person resided on date of violation; order of Secretary of Labor subject to review under this subsection is not subject to judicial review in another civil proceeding); Mo. Rev. Stat. § 516.120(4) (five-year statute of limitations for "injury to the person or rights of another, not arising on contract"); <u>Larabee v. Eichler</u>, 271 S.W.3d 542, 546 (Mo. 2008) (elements of a fraud claim).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B. Appellees' motion to dismiss the appeal is denied as moot.

_____